IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RREF RB-AL SLDL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAXON LAND DEVELOPMENT LLC, CLIFFORD W. CLEVELAND, AND RICHARD M. DORSEY, | ) CIVIL ACTION NO. 2:11-cv-925-MHT-TFM |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, RREF RB-AL SLDL, LLC ("Plaintiff") and for its complaint against defendants Saxon Land Development LLC ("Borrower"), Clifford W. Cleveland ("CWC"), and Richard M. Dorsey ("RMD", and together with CWC the "Guarantors"; the Guarantors, together with the Borrower, the "Defendants"), states as follows:

### PARTIES, JURISDICTION, & VENUE

1.  Plaintiff is a limited liability company organized under the laws of the State of Alabama. The sole member of Plaintiff is RREF RB Acquisitions, LLC, a limited liability company organized under the laws of the State of Delaware. The sole member of RREF RB Acquisitions, LLC is Rialto Real Estate Fund, LP, a limited partnership organized under the laws of the State of Delaware. The general

1941081 v2

partner of Rialto Real Estate Fund, LP is Rialto Partners GP, LLC, a limited liability company organized under the laws of the State of Delaware. The sole limited partner of Rialto Real Estate Fund, LP is Lennar Distressed Investments, LLC, a limited liability company organized under the laws of the State of Delaware. The sole member of Rialto Partners GP, LLC is Rialto Capital Management, LLC, a limited liability company organized under the laws of the State of Delaware. The sole member of Lennar Distressed Investments, LLC is Lennar Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Florida. The sole member of Rialto Capital Management, LLC is Lennar Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Florida.

2. Defendant Borrower is a limited liability company organized under the laws of the State of Alabama. Upon information and belief, Borrower's members are Defendant CWC and Defendant RMD.

3. Upon information and belief, Defendant CWC is a citizen and resident of the State of Alabama and is over the age of nineteen (19) years.

4. Upon information and belief, Defendant RMD is a citizen and resident of the State of Alabama and is over the age of nineteen (19) years.

5. Therefore, for diversity purposes, Plaintiff is a citizen of the States of Delaware and Florida and Defendants are citizens of the State of Alabama.

6. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00, and complete diversity exists between Plaintiff on the one hand and the Defendants on the other.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

**The Saxon Loan**

8. Regions Bank ("Original Lender") made a loan (the "Saxon Loan") to Borrower in the original principal amount of $711,696.00 for the acquisition of certain real property in Elmore County, Alabama (the "Saxon Project").

9. The Saxon Loan is evidenced by, among other documents and instruments, (a) that certain Promissory Note dated February 19, 2008 in the original principal amount of $711,696.00, made by Borrower in favor of Original Lender (as modified or amended, the "Saxon Note"), and (b) that certain Mortgage dated May 29, 2003 recorded in Book 2003, Page 43478 in the Office of the Judge of Probate, Elmore County, Alabama, as amended by that certain Loan Modification Agreement dated February 18, 2008 recorded in Book 2008, Page 11708, in the Office of the Judge of Probate, Elmore County, Alabama (as so

amended, the "Saxon Mortgage"). True and correct copies of the Saxon Note and the Saxon Mortgage are attached hereto as **Exhibits A & B**, respectively, and are incorporated herein by reference.

10. As an inducement for Original Lender to make the Saxon Loan, Guarantors unconditionally, jointly and severally guaranteed payment of the Saxon Loan and other sums due on Note. The guaranty of CWC is evidenced by that certain Commercial Guaranty dated February 19, 2008 given by CWC in favor of Original Lender (the "CWC Guaranty"). A true and correct copy of the CWC Guaranty is attached hereto as **Exhibit C** and is incorporated herein by reference. The guaranty of RMD is evidenced by that certain Commercial Guaranty dated February 19, 2008 given by RMD in favor of Original Lender (the "RMD Guaranty", and together with the CWC Guaranty, the "Saxon Guaranties"). A true and correct copy of the RMD Guaranty is attached hereto as **Exhibit D** and is incorporated herein by reference. The Saxon Note, the Saxon Mortgage, the Saxon Guaranties, together with any other documents or instruments evidencing or securing the Saxon Loan, are collectively referred to herein as the "Saxon Original Loan Documents".

11. Original Lender assigned the Saxon Loan and the Saxon Original Loan Documents to RREF RB Acquisitions, LLC, a Delaware limited liability company ("RREF"), pursuant to (a) that certain Allonge given by Original Lender

in favor of RREF, (b) that certain Assignment of Loan Documents dated March 30, 2011 given by Original Lender in favor of RREF, (c) that certain Omnibus Assignment and Bill of Sale dated March 30, 2011 given by Original Lender in favor of RREF, and (d) that certain Assignment of Security Instrument given by Original Lender in favor of RREF and recorded in Book 2011, Page 23596 in the Office of the Judge of Probate, Elmore County, Alabama (collectively, the "Saxon First Assignment Documents"). True and correct copies of the Saxon First Assignment Documents are attached hereto as **Exhibit E** and are incorporated herein by reference.

12. RREF assigned the Saxon Loan and the Saxon Original Loan Documents to Plaintiff pursuant to (a) that certain Allonge dated as of August 3, 2011 given by RREF in favor of Plaintiff, (b) that certain Assignment of Loan Documents dated as of August 3, 2011 given by RREF in favor of Plaintiff, and (c) that certain Assignment of Security Instruments dated as of August 3, 2011 given by RREF in favor of Plaintiff and recorded in Book 2011, Page 41072 in the Office of the Judge of Probate, Elmore County, Alabama (collectively, the "Saxon Second Assignment Documents"). True and correct copies of the Saxon Second Assignment Documents are attached hereto as **Exhibit F** and are incorporated herein by reference. The Saxon Original Loan Documents, as assigned by the Saxon First Assignment Documents and the Saxon Second Assignment

Documents, and together with all other documents and instruments evidencing and/or securing the Saxon Loan executed and/or delivered in connection with any of the foregoing, are hereinafter referred to as the "<u>Saxon Loan Documents</u>".

13. In addition to Defendants' obligations under the Saxon Loan Documents to pay the principal of and interest on the Saxon Loan, the Saxon Loan Documents provide that Plaintiff is entitled to recover its costs and expenses, including attorneys' fees incurred in collecting the sums due thereunder. *See* **Exhibit A, p. 2**.

14. Defendants have failed and refused to honor their obligations under the Saxon Loan Documents. Among other defaults, Defendants have failed to make payments as and when due pursuant to the Saxon Loan Documents.

15. Defendants have been provided with written notice of the default(s), as evidenced by that certain demand letter dated May 11, 2011 (the "<u>Saxon Demand Letter</u>"). A true and correct copy of the Saxon Demand Letter is attached hereto as **Exhibit G**. All amounts owing under the Saxon Loan Documents are immediately due and payable.

16. The amount outstanding on the Saxon Loan as of October 25, 2011, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $712,721.23, which includes outstanding principal in the amount of $639,448.83, accrued and unpaid interest in the amount of $73,185.81 and late fees in the

amount of $86.59. Interest continues to accrue daily at the rate provided in the Saxon Note. Attorneys' fees and other costs of collection also continue to accrue.

**The Cleveland Loan**

17. Regions Bank ("Original Lender") made a loan (the "Cleveland Loan") to CWC in the original principal amount of $192,000.

18. The Cleveland Loan is evidenced by, among other documents and instruments, (a) that certain Promissory Note dated December 8, 2007 in the original principal amount of $192,000.00, made by CWC in favor of Original Lender (as modified or amended, the "Cleveland Note"), and (b) that certain Mortgage dated December 8, 1999 recorded in Book 2065, Page 507 in the Office of the Judge of Probate, Montgomery County, Alabama, as amended by that certain Modification of Mortgage Agreement dated April 4, 2000 recorded in Book 2134 Page 0007, in the Office of the Judge of Probate, Montgomery County, Alabama (as so amended, the "Cleveland Mortgage"). True and correct copies of the Cleveland Note and the Cleveland Mortgage are attached hereto as **Exhibits H & I**, respectively, and are incorporated herein by reference. The Cleveland Note and the Cleveland Mortgage, together with any other documents or instruments evidencing or securing the Cleveland Loan, are collectively referred to herein as the "Cleveland Original Loan Documents".

19. Original Lender assigned the Cleveland Loan and the Cleveland Original Loan Documents to RREF RB Acquisitions, LLC, a Delaware limited liability company ("RREF"), pursuant to (a) that certain Allonge given by Original Lender in favor of RREF, (b) that certain Assignment of Loan Documents dated June 24, 2011 given by Original Lender in favor of RREF, (c) that certain Omnibus Assignment and Bill of Sale dated June 24, 2011 given by Original Lender in favor of RREF, and (d) that certain Assignment of Security Instrument given by Original Lender in favor of RREF and recorded in RLPY 04170, Page 0763 in the Office of the Judge of Probate, Montgomery County, Alabama (collectively, the "Cleveland First Assignment Documents"). True and correct copies of the Cleveland First Assignment Documents are attached hereto as **Exhibit J** and are incorporated herein by reference.

20. RREF assigned the Cleveland Loan and the Cleveland Original Loan Documents to Plaintiff pursuant to (a) that certain Allonge dated as of October 20, 2011 given by RREF in favor of Plaintiff, (b) that certain Assignment of Loan Documents dated as of October 20, 2011 given by RREF in favor of Plaintiff, and (c) that certain Assignment of Security Instruments dated as of October 20, 2011 iven by RREF in favor of Plaintiff and recorded in Book 4200, Page 553 in the Office of the Judge of Probate, Montgomery County, Alabama (collectively, the "Cleveland Second Assignment Documents"). True and correct copies of the

Cleveland Second Assignment Documents are attached hereto as **Exhibit K** and are incorporated herein by reference. The Cleveland Original Loan Documents, as assigned by the Cleveland First Assignment Documents and the Cleveland Second Assignment Documents, and together with all other documents and instruments evidencing and/or securing the Cleveland Loan executed and/or delivered in connection with any of the foregoing, are hereinafter referred to as the "Cleveland Loan Documents".

21. In addition to CWC's obligations under the Cleveland Loan Documents to pay the principal of and interest on the Cleveland Loan, the Cleveland Loan Documents provide that Plaintiff is entitled to recover its costs and expenses, including attorneys' fees incurred in collecting the sums due thereunder. *See* **Exhibit I, p. 4**.

22. CWC has failed and refused to honor his obligations under the Cleveland Loan Documents. Among other defaults, CWC has failed to make payments as and when due pursuant to the Cleveland Loan Documents.

23. CWC has been provided with written notice of the default(s), as evidenced by that certain demand letter dated October 4, 2011 (the "Cleveland Demand Letter"). A true and correct copy of the Cleveland Demand Letter is attached hereto as **Exhibit L**. All amounts owing under the Cleveland Loan Documents are immediately due and payable.

1941081 v2

9

24. The amount outstanding on the Cleveland Loan as of October 25, 2011, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $176,022.42, which includes outstanding principal in the amount of $158,000.00, accrued and unpaid interest in the amount of $17,991.15 and late fees in the amount of $31.27. Interest continues to accrue daily at the rate provided in the Cleveland Note. Attorneys' fees and other costs of collection also continue to accrue.

## COUNT I
### Breach of Contract - Saxon Loan Documents - Borrower

25. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

26. Default has occurred in the repayment of the Saxon Loan and all amounts due and owing thereon are immediately payable.

27. Plaintiff has made demand for payment of the outstanding balance due on the Saxon Loan.

28. Borrower is in default in the performance of its obligations under the Saxon Loan Documents.

29. Despite written demand, Borrower has failed to pay the amounts due under the terms of the Saxon Loan Documents.

**WHEREFORE**, Plaintiff demands judgment against Borrower for the principal indebtedness outstanding under the Saxon Loan, plus accrued and

accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT II
### Breach of Contract - Saxon Loan Documents - Guarantors

30. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

31. Default has occurred in the repayment of the Saxon Loan and all amounts due and owing thereon are immediately payable.

32. Plaintiff has made demand for payment of the outstanding balance due on the Saxon Loan.

33. Guarantors are in default in the performance of their obligations under the Saxon Loan Documents.

34. Despite written demand, Guarantors have failed to pay the amounts due under the terms of the Saxon Loan Documents.

**WHEREFORE**, Plaintiff demands judgment against Guarantors, jointly and severally, for the principal indebtedness outstanding under the Saxon Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT III
## Money Had and Received - Saxon Loan Documents

35. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

36. Pursuant to the Saxon Loan Documents, Defendants received money or the equivalent value of money that, in equity and good conscience, belongs to Plaintiff.

37. Plaintiff is entitled to recover from Defendants the amounts due under the Saxon Loan Documents, plus other legally recoverable fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for the principal indebtedness outstanding under the Saxon Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT IV
## Unjust Enrichment - Saxon Loan Documents

38. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

39. Plaintiff conferred a benefit on the Defendants by lending the amounts available under the Saxon Loan Documents.

40.   The Defendants have failed and/or refused to pay to Lender the amounts owed under the Saxon Loan Documents.

41.   By retaining the borrowed funds, while not repaying Lender pursuant to the terms of the Saxon Loan Documents, the Defendants have been unjustly enriched at Lender's expense.

42.   Lender has been damaged as a result of the Defendants' failure to pay, and is entitled to recover from the Defendants the amounts borrowed under the Saxon Note, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for the principal indebtedness outstanding under the Saxon Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT V
### Account Stated - Saxon Loan Documents

43.   Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

44.   On or about May 11, 2011, Plaintiff's predecessor in interest, RREF, sent the Saxon Demand Letter to Defendants stating the amount owed under the

Saxon Loan Documents as of that date and demanding, among other things, payment in full of such amount.

45. Upon information and belief, Defendants received the Saxon Demand Letter.

46. Defendants have had an opportunity to review the Saxon Demand Letter and raise any objections regarding the accuracy of the information contained therein, including, among other things, the amount stated as due.

47. No Defendant has ever objected to the amounts set forth in the Saxon Demand Letter.

48. Despite demand, Defendants have failed to pay the total amount due as set forth in the Saxon Demand Letter. Defendants, jointly and severally, owe said amount to Plaintiff on account stated.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for the principal indebtedness outstanding under the Saxon Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

### COUNT VI
### Breach of Contract - Cleveland Loan Documents - CWC

49. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

50. Default has occurred in the repayment of the Cleveland Loan and all amounts due and owing thereon are immediately payable.

51. Plaintiff has made demand for payment of the outstanding balance due on the Cleveland Loan.

52. CWC is in default in the performance of his obligations under the Cleveland Loan Documents.

53. Despite written demand, CWC has failed to pay the amounts due under the terms of the Cleveland Loan Documents.

**WHEREFORE**, Plaintiff demands judgment against CWC for the principal indebtedness outstanding under the Cleveland Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT VII
## Money Had and Received - Cleveland Loan Documents - CWC

54. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

55. Pursuant to the Cleveland Loan Documents, CWC received money or the equivalent value of money that, in equity and good conscience, belongs to Plaintiff.

56. Plaintiff is entitled to recover from CWC the amounts due under the Cleveland Loan Documents, plus other legally recoverable fees and costs.

**WHEREFORE**, Plaintiff demands judgment against CWC for the principal indebtedness outstanding under the Cleveland Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT VIII
### Unjust Enrichment - Cleveland Loan Documents - CWC

57. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

58. Plaintiff conferred a benefit on CWC by lending the amounts available under the Cleveland Loan Documents.

59. CWC has failed and/or refused to pay to Lender the amounts owed under the Cleveland Loan Documents.

60. By retaining the borrowed funds, while not repaying Lender pursuant to the terms of the Cleveland Loan Documents, CWC has been unjustly enriched at Lender's expense.

61. Lender has been damaged as a result of CWC's failure to pay, and is entitled to recover from CWC the amounts borrowed under the Cleveland Note, plus attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against CWC for the principal indebtedness outstanding under the Cleveland Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

## COUNT IX
### Account Stated - Cleveland Loan Documents - CWC

62.  Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

63.  On or about October 4, 2011, Plaintiff's predecessor in interest, RREF, sent the Cleveland Demand Letter to Defendants stating the amount owed under the Cleveland Loan Documents as of that date and demanding, among other things, payment in full of such amount.

64.  Upon information and belief, CWC received the Cleveland Demand Letter.

65.  CWC has had an opportunity to review the Cleveland Demand Letter and raise any objections regarding the accuracy of the information contained therein, including, among other things, the amount stated as due.

66.  CWC has never objected to the amounts set forth in the Cleveland Demand Letter.

67. Despite demand, CWC has failed to pay the total amount due as set forth in the Cleveland Demand Letter. CWC owes said amount to Plaintiff on account stated.

**WHEREFORE**, Plaintiff demands judgment against CWC for the principal indebtedness outstanding under the Cleveland Loan, plus accrued and accruing interest, late charges, expenses of collection, including attorneys' fees, and costs, as well as such other, further and different relief to which Plaintiff may be entitled and is just and proper in this action.

/s/ Heather A. Lee
Heather A. Lee (LEEHE6873)
David H. Breland (BRELD7142)
Attorneys for Plaintiff

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE PLAINTIFF REQUESTS SERVICE OF THE DEFENDANTS VIA SPECIAL PROCESS SERVER AT THE FOLLOWING ADDRESSES:**

Saxon Land Development LLC
c/o Registered Agent
Clifford W. Cleveland
744 E. Main Street
Prattville, Alabama 36067-3620

Clifford W. Cleveland
744 E. Main Street
Prattville, Alabama 36067-3620

Richard M. Dorsey
548 Selma Highway
Prattville, Alabama 36067-3501