IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RREF RB-AL SLDL, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO.  2:11-cv-925-MEF ) [WO – Do Not Publish] ) |
| SAXON LAND DEVELOPMENT, LLC, *et al.*, | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Plaintiff's Motion to Strike (Doc. # 22) the jury demand asserted at the end of Defendant Clifford Cleveland's ("Cleveland") Answer (Doc. # 19).  Having considered the parties' briefs and the relevant law, the Court finds that Plaintiff's motion is due to be **GRANTED**.

**I. BACKGROUND**

On October 27, 2011, Plaintiff RREF RB-AL SLDL, LLC ("RREF") filed a Complaint against Defendants Saxon Land Development, LLC ("Saxon Land"), Cleveland, and Richard M. Dorsey ("Dorsey").  The Complaint seeks repayment for two loans, one made to Saxon Land in the original principal amount of $711,696.00, and evidenced by a promissory note and mortgage executed by Saxon Land in favor of the original lender, Regions Bank.[1]  The other loan was made to Cleveland in the original principal amount of

---

[1] Cleveland also executed a guaranty with respect to this loan.

$192,000.00, and evidenced by promissory note and mortgage executed by Cleveland in favor of the original lender, Regions Bank.[2]

On November 28, 2011, Cleveland, who is an attorney representing himself as well as Saxon Land, filed a pithy one and one-quarter page motion to dismiss (Doc. # 6), which the Court summarily denied (Doc. # 8). Although a number of defenses were listed (but not briefed), arbitration was not one of them.

On February 23, 2012, the Court granted Plaintiff's motion to appoint a receiver, and appointed Franklin Street Management Services ("Franklin Street") to take immediate possession of the commercial property in Elmore County, Alabama (the "Property"), which was the object of the loans. (Doc. # 17.)

On March 1, 2012, Defendant Cleveland, in response to the Court's suggestion to Plaintiff that he was in default (Doc. # 18), filed an Answer (Doc. # 19). The Answer lists arbitration as an affirmative defense (Answer ¶ 96), and also states: "DEFENDANT CLEVELAND REQUESTS A TRIAL BY JURY."

## II. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure provide that 'the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 322-23 (11th Cir. 2005) (quoting Fed. R. Civ. P. 12(f)).

---

[2] Plaintiff RREF was assigned the Saxon Land loan and corresponding documents as well as the Cleveland loan and corresponding documents by Regions Bank. (Compl. ¶¶ 12, 20.)

2

### III.  DISCUSSION

Plaintiff argues that Cleveland waived his Seventh Amendment right to demand a jury trial by signing jury waivers in the Saxon Land promissory note, the Cleveland guaranty, and the Cleveland promissory note.  The waivers, which are substantially identical, read:

> **JURY WAIVER [or WAIVE JURY]**:  Lender and Borrower [or Guarantor] hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower [or Guarantor] against the other.

(Doc. # 22, Exs. A-C.)

The right to a jury trial in a civil case is protected by the Seventh Amendment to the United States Constitution.  *See Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937).  Federal courts apply federal law in determining whether a contractual jury waiver is enforceable.  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *K.M.C., Inc. v. Irving Trust Co.*, 757 F.2d 752-56 (6th Cir. 1985)).  Federal law is appropriately applied because a contractual jury waiver implicates the waiver of a constitutional right.

"[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."  *Aetna*, 301 U.S. at 393.  Where the waiver is contractual, the waiver will be enforced, but strictly construed, if it is made "knowingly and voluntarily based on the facts of the case."  *Tracinda*, 502 F.3d at 222 (citing *Brookhart v. Janis*, 384 U.S. 1, 4 (1966)); *see also Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) ("A party may validly waive its Seventh Amendment right to a jury trial so long

as the waiver is knowing and voluntary."); *Wells Fargo Bank v. JWWTEW, LLC*, No. 10cv310, 2011 WL 245655, at *1 (S.D. Ala. Jan. 24, 2011).

In assessing whether a contractual jury waiver is enforceable, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac*, 164 F. App'x at 823-34 (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986)).

Without much elaboration, it is beyond dispute that these considerations all weigh in favor of enforcing the jury waivers at issue. The waiver clauses are prefaced with "**JURY WAIVER**" or "**WAIVE JURY**" in all-caps and bold type, and the clauses are presented in paragraphs separate from other provisions of the contracts. Nor is there much disparity in bargaining power. Cleveland and Saxon Land could have obtained financing elsewhere, or could have negotiated the terms of the loans. Finally, Cleveland himself is an attorney and is representing himself in this case; accordingly, there can be no argument as to his sophistication.

Cleveland does not mount a challenge to these considerations. Rather, he argues that the arbitration clause, also found in the notes and guaranty at issue, requires that Plaintiff's only recourse be arbitration. (Resp. 2 (Doc. # 25).) This argument is both perplexing and meritless. It is perplexing for several reasons. First, in attempting to defend his jury demand, Cleveland turns to another jury-waiving provision of the contracts: arbitration. Cleveland

accuses RREF's invocation of the jury waiver clause, but not the arbitration clause, as an attempt to "have the cake and eat it, too." (Resp. 4.)

Even as Cleveland complains of RREF's cake-hoarding tendencies, his very accusation is made with a mouth full of cake. One cannot seriously defend a jury demand by saying that the case should be arbitrated. Furthermore, in advancing his arbitration argument, Cleveland makes a confounding assertion: that RREF has waived its right to arbitration by invoking the litigation process. (Resp. 3.) This is not an argument a court expects to hear from a party who genuinely wants to enforce an arbitration clause. Moreover, whether or not RREF has waived its right to arbitration is irrelevant to the question of whether Cleveland has waived his right to a jury trial. The only sense the Court can make of this statement is that Cleveland is arguing that by waiving the arbitration clause, RREF has also waived the jury waiver. To the extent that this is Cleveland's argument – that the jury waiver and arbitration clauses must be enforced in tandem – it is meritless. It is well-settled that arbitration clauses and jury trial waivers present different issues. *See, e.g., Sydnor v. Conseco Fin. Serv. Corp.*, 252 F.3d 302, 307-07 (4th Cir. 2001). The arbitrability question is antecedent to the jury trial question. Arbitration clauses waive the judicial forum, while jury waivers only waive the right to a jury once it has been decided that the case is properly decided in a judicial forum. These are separate contractual provisions, and may be enforced or waived separately. RREF's invocation of the jury waiver clause does not require it to invoke the arbitration clause as well.

5

Furthermore, Cleveland's arbitration argument is meritless as he has not filed a motion to compel arbitration, which is required under both the law and the terms of the contracts, all of which state that the arbitration process may be invoked "upon request of either party." *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 407-08 (5th Cir. 1971) (stating that an agreement to arbitrate, "just like any other contract . . ., may be waived"); *see also Ivax Corp. v. B. Braum of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002). No such request has been made.[3]

Finally, this dispute falls within the express terms of the jury waiver clauses.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Strike (Doc. # 22) is GRANTED. The Jury Demand asserted in Defendant Clifford Cleveland's Answer (Doc. # 19) is hereby STRICKEN, pursuant to Federal Rule of Civil Procedure 12(f). An amended scheduling order will be entered placing this case on the next non-jury trial term.

DONE this 19th day of April, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[3] The Court takes this opportunity to note that, even if Cleveland's response were to be construed as a motion to compel arbitration, that motion is due to be denied. A two-part test is employed to determine whether a party has waived its right to arbitrate a dispute: "First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" *Ivax Corp. v. B. Braum of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). Cleveland's shotgun-pleaded motion to dismiss listed many grounds for dismissal, but did not mention arbitration. This case has been pending for nearly six months, in part on account of Cleveland's failure to timely file an answer; a receiver has been appointed; and a scheduling order has been entered. On account of these facts, Cleveland has acted inconsistently with the arbitration right, and were it to be invoked at this late stage, RREF would suffer prejudice.