IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RREF RB-AL SLDL, LLC, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>SAXON LAND DEVELOPMENT )<br>LLC, CLIFFORD W. )<br>CLEVELAND, AND RICHARD M. )<br>DORSEY, )<br>)<br>　　Defendants. ) | CIVIL ACTION NO.<br>2:11-cv-00925-MEF-TFM |

**PLAINTIFF'S MOTION TO DISMISS CERTAIN CLAIMS,
FOR THE ENTRY OF FINAL JUDGMENT AND FOR RELATED RELIEF**

**COMES NOW** plaintiff RREF RB-AL SLDL, LLC ("RREF"), by and through its counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (the "Rules"), files this motion (this "Motion") seeking the entry of an order dismissing, without prejudice: (i) RREF's claims of money had and received and unjust enrichment against defendants Clifford W. Cleveland ("Cleveland") and Richard M. Dorsey ("Dorsey") (Counts III and IV of the Amended and Restated Complaint) (Docket No. 33) (the "Complaint"); and (ii) RREF's claims of account stated against each of Cleveland, Dorsey, and Saxon Land Development Company, LLC ("Saxon," together with Cleveland and Dorsey, the "Defendants") (Count V of the Complaint).  RREF further requests, pursuant to Rule 58(a) and (d), the

2120918 v3

entry of a final judgment against Defendants consistent with the Court's Order dated September 6, 2013 which partially granted and partially denied RREF's motion for summary judgment (Docket No. 59) (the "Summary Judgment Order"), setting forth the amount of the judgment to which RREF is entitled.  RREF also requests that the Receiver appointed in this case pursuant to this Court's *Order* dated February 23, 2012 (Docket No. 17) (the "Receivership Order"), remain in place and in possession of the Receivership Property until such time as RREF requests the termination of the receivership.  In support of this Motion, RREF states as follows:

## FACTUAL BACKGROUND

1. RREF originally filed suit against Defendants on October 27, 2011, seeking to recover the outstanding indebtedness owing by Defendants to RREF. On December 19, 2011, RREF filed its motion seeking the appointment of a receiver over the collateral which secures the outstanding debt on contractual and equitable grounds.  *See* Docket No. 14.  On February 23, 2012, the Court entered it's the Receivership Order, and appointed Franklin Street Management Services ("Franklin Street") as Receiver.  *See* Docket No. 17.

2. Subsequent to the entry of the Receivership Order, Franklin Street took possession of the Receivership Property and commenced administrating the

Receivership Property pursuant to the terms of the Receivership Order, and continues to do so.

3. On June 27, 2012, RREF filed its Amended and Restated Complaint (the "Complaint") against the Defendants, alleging counts of breach of contract (Counts I and II), money had and received and unjust enrichment (Counts III and IV), and account stated (Count V). *See* Docket No. 33.

4. On November 9, 2012, RREF filed its motion for summary judgment, together with its supporting brief and evidentiary materials (Docket Nos. 45–47), seeking the entry of summary judgment against Defendants on all counts of the Complaint.

5. On September 6, 2013, the Court entered its Order partially granting and partially denying RREF's summary judgment motion. *See* Docket No. 59. The Court granted RREF's motion as to its breach of contract claims against all Defendants, its equitable claims against Saxon, and its request for an award of attorneys' fees and costs, and summary judgment was entered against the Defendants, jointly and severally, in the principal amount of $639,448.83, plus accrued and unpaid interest in the amount of $119,857.43, plus additional interest accruing at the per diem rate of $93.25 from November 9, 2012 through the date of

judgment, plus reasonable attorneys' fees and costs. Docket No. 59.[1] The Court denied RREF's motion as to its equitable claims against Dorsey and Cleveland, and noted that RREF's claim of account stated remains pending before the Court.

## RELIEF REQUESTED

### A.    Dismissal of Certain Claims.

6.    As summary judgment has been entered against Defendants, jointly and severally, in the amount of the outstanding indebtedness owed to RREF, including reasonable attorneys' fees and costs (in an amount to be determined by this Court),[2] RREF has obtained the monetary relief it seeks under the Complaint. Consequently, RREF seeks to dismiss the claims which remain pending against the Defendants, specifically, Counts III and IV as to Dorsey and Cleveland, and Count V as to all Defendants.

7.    Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The dismissal is without prejudice unless the order states otherwise. Rule 41(a)(2). Accordingly, RREF moves the Court, pursuant to Rule 41(a)(2), for the entry of an order dismissing without prejudice the claims which remain pending against

---

[1] The Court found RREF's evidence regarding attorneys' fees and costs insufficient to establish the reasonableness of the amount claimed, but granted RREF leave to supplement the record with additional evidence of its costs and fees on or before September 27, 2013. *See* Docket No. 59.

[2] Pursuant to the Court's Order, RREF will file supplementary evidence in support of its claim for costs and attorneys' fees.

Defendants (Counts III and IV as to Dorsey and Cleveland, and Count V as to all Defendants).

**B.   Entry of Final Judgment.**

8.   Upon the dismissal of these claims, no unadjudicated claims will remain pending before this Court (other than the Court's determination of the amount of fees and costs to which RREF is entitled pursuant to its Order). RREF thus requests the entry of a final judgment against Defendants pursuant to Rule 58(a) and (d).

9.   Pursuant to Rule 58, "[e]very judgment and amended judgment must be set out in a separate document" and "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Accordingly, RREF moves the Court, subsequent to the Court's determination of the amount of fees and costs to which RREF is entitled, for the entry of a final judgment against Defendants consistent with the Court's Summary Judgment Order, setting forth the judgment amount for which Defendants are liable.

**C.   Receivership.**

10.   In connection with the entry of final judgment in this case, RREF requests that the Court to continue the ongoing receivership and allow Franklin Street to remain in possession and control of the Receivership Property, until further requested by RREF.

11. Pursuant to Rule 66, "[a]n action in which a receiver has been appointed may be dismissed only by court order." In general, a receiver is dismissed when the reason for the receivership has ceased. *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 327 (1st Cir. 1988). However, "it is discretionary and not incumbent upon the court to dismiss the receiver when the debt is discharged." *Id.*

12. The Receivership Order does not expressly limit the duration of the receivership but, rather, states that the receiver's possession of the assets continues "until such time as the Court orders otherwise." *See* Receivership Order, ¶ 4. Therefore, the Receivership does not automatically end upon the entry of a final judgment against the Defendants, but will continue until the Court terminates the receiver's appointment.

13. The Receivership Order was entered by this Court because of the "grossly mismanaged" state of the collateral securing the loan, as well as RREF's contractual right to a receivership. *See* Docket No. 17. Despite the judgment entered against the Defendants, the receivership is still necessary to manage and maintain the Receivership Property until such time as RREF is able to foreclose the Receivership Property. For this reason, RREF requests that the receivership remain pending until such time as RREF requests its termination, at which time

RREF will request the entry of an order terminating the receivership and discharging Franklin Street from its receivership duties.

**WHEREFORE, PREMISES CONSIDERED,** RREF respectfully requests that this Court dismiss without prejudice only those claims set forth herein; enter final judgment in favor of RREF and against Defendants consistent with the terms of the Summary Judgment Order, and allow the receivership to continue until RREF requests its termination. RREF also requests such other and further relief as this Court deems just.

Dated this the 25th day of September, 2013.

        /s/ Heather A. Lee
        Heather A. Lee
        Andrea L. Weed
        Attorneys for Plaintiff

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: hlee@burr.com
       aweed@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of September, 2013:

J. Robert Faulk
McDowell, Faulk & McDowell, L.L.C.
145 West Main Street
Prattville, AL 36067
Attorney for Dorsey and Saxon

Clifford W. Cleveland
The Law Office of Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama 36068
Attorney for Cleveland and Saxon

/s/ Heather A. Lee
OF COUNSEL