## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **RREF RB-AL SLDL, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.** |
| | ) **2:11-cv-00925-MEF-TFM** |
| **SAXON LAND DEVELOPMENT** | ) |
| **LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF FILING RECEIVER'S FINAL REPORT

Franklin Street Management Services (the "Receiver"), the Court-appointed receiver under that certain Order dated February 23, 2012 (Doc. 17) (the "Receiver Order"), submits this Notice of Filing Receiver's Final Report, as follows:

1.     Pursuant to the Court's November 20, 2013 Final Consent Judgment and Order (Doc. 75) (the "Termination Order"),[1] the Receiver's authority to manage, operate, and control the Receivership Property has terminated, subject to the Receiver's duty to wind up the affairs of the Receivership estate. *See* Termination Order ¶ 5(B).

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Receiver Order or the Termination Order.

1/2567743.1

2.      The Termination Order directed the Receiver to file its Final Report on or before January 5, 2014.  *See* Termination Order ¶ 5(D).  Attached hereto as **<u>Exhibit 1</u>** is the Receiver's Final Report.

3.      Pursuant to the Termination Order, "[i]f no objection to the Final Report is filed with the Court within fifteen (15) days of the filing of such Final Report, then, without further order, the Final Report shall be deemed approved, and the Receiver shall be fully and forever released and discharged from any and all liability as Receiver of the Receivership Property. Said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver and/or any of the Receiver's agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the Receivership, the Receivership Property, the Receiver's possession and/or use of the Receivership Property, the administration of the Receivership estate, and/or any acts or omissions of the Receiver."  Termination Order ¶ 5(E).

4.      Upon such approval of the Final Report, the remaining cash held by the Receiver shall be remitted to the Plaintiff.  *See* Termination Order ¶ 5(F).  In

addition to the expenses reflected in the Final Report, the Receiver estimates additional attorneys' fees/expenses in the amount of $500 to $1,000.  The Receiver will pay such additional fees from cash in the possession of the Receiver prior to making the final distribution to the Plaintiff.

Respectfully submitted this the 16th day of December, 2013.

/s/ Jennifer H. Henderson
Jennifer H. Henderson
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
T:  205.521.8000
F:  205.521.8800
jhenderson@babc.com

*Attorneys for the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrea L. Weed
Burr & Forman LLP
Suite 3400
420 North 20th Street
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: aweed@burr.com

Heather Ann Lee
Burr & Forman LLP
420 North Twentieth Street
Suite 3400
Birmingham, AL 35203
205-458-5170
Fax: 205-458-5100
Email: hlee@burr.com

John Robert Faulk
McDowell, Faulk & McDowell
145 West Main Street
Prattville, AL 36067
334-365-5924
Fax: 334-365-6016
Email: robert@mcdowellfaulk.com

Clifford Wayne Cleveland
Cleveland & Colley, PC
PO Box 680689
Prattville, AL 36068-0689
334-365-1500
Fax: 334-365-1601
Email: law.office@clevelandcolley.com

and I hereby certify that I have mailed by United States Postal Service the

4

document to the following non-CM/ECF participants:

None

_/s/ Jennifer H. Henderson_
Jennifer H. Henderson

1/2567743.1

**<u>EXHIBIT 1</u>**
**[Receiver's Final Report]**

1/2567743.1

# November 2013—FINANCIAL REPORT



## SAXON LAND DEVELOPMENT

## MILLBROOK, AL

Jeff Boles I Property Manager

Jeff..Boles@FranklinSt.com

# ↗ TABLE OF CONTENTS

**SECTION ONE: MANAGEMENT AND MAINTENANCE ACTIVITY**

RECEIVER'S REPORT
PROPERTY MANAGEMENT REPORT

**SECTION TWO: LEASING INFORMATION**

LEASING/MARKETING REPORT

**SECTION THREE: FINANCIAL INFORMATION**

BALANCE SHEET
YEAR TO DATE INCOME STATEMENT
BANK RECONCILIATION

**SECTION ONE: MANAGEMENT AND MAINTENANCE ACTIVITY**

RECEIVER'S REPORT
PROPERTY MANAGEMENT REPORT

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RREF RB-AL SLDL, LLC,

          Plaintiff,                                **CASE NO. 2:11-cv-925-MEF**

vs.                                              **[WO – Publish]**

SAXON LAND DEVELOPMENT, LLC;
Clifford W. Cleveland, et al.,

          Defendants.

## RECEIVER'S FINAL REPORT

Bruce Keene, Receiver, hereby files this Receiver's Final Report, and would state the following:

1.      The Receiver has possession of the real property more particularly described as "Saxon Land Development" located at 1820 I65 Service Road, Millbrook, AL 36054:

> 1820 I65 Service Road, Saxon Land Development, a Commercial Retail Center, consisting of 16,590 square feet, and a 6,000 square foot storage building, located at 1820 I65 Service Road, Millbrook, AL 36054.
>
> Property Address:  1820 I65 Service Road, Millbrook, AL 36054
>
> Parcel Nos.:   29-26-04-17-0-001-010.004

2.      This real property consists of a 16,590 square foot commercial retail center.

3.      Since the order appointing the receiver was given, the receiver and his representatives have repeatedly contacted the defendants and their counsel in an attempt to obtain keys as well as document, information and other necessary items in order to be able to effectively operate and secure the property. To date we have received partial information.

4.      Please find attached the Final Consent Judgment and Order.

**Bruce Keene, Receiver**
500 N. Westshore Blvd., Suite 750
Tampa, FL 33609
**813.839.7300 ext. 325**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RREF RB-AL SLDL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:11-cv-00925-MEF-TFM |
| SAXON LAND DEVELOPMENT | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FINAL CONSENT JUDGMENT AND ORDER

This matter came before the Court upon Plaintiff RREF RB-AL SLDL, LLC's ("Plaintiff" or "RREF") Motion to Dismiss Certain Claims, for Entry of Final Judgment, and for Related Relief (the "Motion") (Doc. # 60), and Defendants Richard M. Dorsey and Saxon Land Development, LLC's Response to Plaintiff's Request to Continue the Receivership (Doc. #68). A hearing was held by the Court on October 3, 2013. Appearing at the hearing were Heather A. Lee on behalf of RREF, J. Robert Faulk on behalf of Defendants Richard M. Dorsey ("Dorsey") and Saxon Land Development, LLC ("Saxon"), and Clifford W. Cleveland on behalf of himself personally ("Cleveland," and together with Dorsey and Saxon, the "Defendants"). Also before the Court is a Joint Motion for Order for Entry of Final Consent Judgment and Order (Doc. #74). Having considered the arguments of counsel, the pleadings in this case, and upon the agreement of the parties, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that

1.      The Motion (Doc. #60) is GRANTED in PART and DENIED in PART, as described below.

2.      Counts II and IV of Plaintiff's Amended Complaint (Doc. #33) as to Defendants Dorsey and Cleveland, and Count V as to all Defendants are hereby DISMISSED with PREJUDICE. This terminates all of Plaintiff's claims in this case.

3.      The Joint Motion for Order (Doc. #74) is GRANTED.

4.      Final judgment in entered in favor of RREF and against the Defendants, jointly and severally, in the amount of $841,772.84 (the "Judgment Amount"), consisting of the principal amounts owing under the loan documents described in the complaint initiating the above-styled lawsuit (the "Loan Documents") in the amount of $639,448.83, accrued and unpaid interest as of October 11, 2013 in the amount of $151,189.43, funds advanced to the Receiver by Plaintiff in the amount of $18,979.00, and costs of collection, including attorneys' fees in the amount of $32,155.58; plus post-judgment interest accruing on the Judgment Amount at the rate of interest allowed by applicable law.

5.      The receivership (the "Receivership") established by the Court's *Order* dated February 23, 2012 (the "Receivership Order") shall **TERMINATE** immediately upon the following terms and conditions:

A.      With the exception of cash in the possession of the Receiver related to the Receivership, if any, Franklin Street Management Services' (the "Receiver") right to possession of the Receivership Property (as such term is

2

defined in the Receivership Order) shall terminate immediately and the Receiver shall turnover possession and control of the Receivership Property to the Defendants upon the terms and conditions described below.

B.    The Receiver's authority to manage, operate, and control the Receivership Property shall terminate immediately, subject to the Receiver's duty to wind up the affairs of the Receivership estate.

C.    The Receiver is relieved of any further obligation with respect to the Receivership Property, save and except for the activities as described herein.

D.    The Receiver shall file the Final Report described in the Motion within forty-five (45) days of the entry of this Order and shall serve a copy of the Final Report on counsel for Plaintiff and the Defendants.

E.    If no objection to the Final Report is filed with the Clerk of the Court within fifteen (15) days of the filing of such Final Report, then, without further order, the Final Report shall be deemed approved, and the Receiver shall be fully and forever released and discharged from any and all liability as Receiver of the Receivership Property.  Said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages, and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver and/or any of the Receiver's agents, representatives, officers, attorneys, professionals, employees or

contractors, on account of, arising, or resulting from, or in any manner incidental to, the Receivership, the Receivership Property, the Receiver's possession and/or use of the Receivership Property, the administration of the Receivership estate, and/or any acts or omissions of the Receiver.

      F.      Any cash in possession of the Receiver related to the Receivership, including funds advanced by Plaintiff to Receiver and revenues from the operation of the Receivership Property, if any, at the time of the entry of this Order shall be applied against the unpaid fees and expenses of the Receivership estate. Upon approval of the Final Report, any balance remaining after such application shall be distributed to Plaintiff to be applied to the Judgment Amount. Upon such final distribution, the Receiver shall close all bank accounts maintained by the Receiver in connection with the Receivership.

      6.      Once the Receivership Property becomes subject to the possession of the Defendants, Defendants and their agents, servants, employees, and all other persons acting in concert with them, are hereby **RESTRAINED** and **ENJOINED** from removing, disposing of, destroying, concealing, changing, or altering the Receivership Property, in any manner whatsoever; and Defendants and their agents, servants, employees, and all personnel acting in concert with them are hereby restrained and enjoined from taking any action on behalf of Defendants or related to the Receivership Property without the express consent and permission of RREF. It is further **ORDERED** that:

A.      Defendants shall not enter into any lease, contract or agreement of any kind or character relating to the Receivership Property, and shall not grant any lien upon or security interest in the Receivership Property, without the express written consent of RREF.

B.      Defendants are responsible for the general upkeep of the Receivership Property including, but not limited to, mowing the Receivership Property and ensuring the Receivership Property is clear and free from trash, debris, and the like.

C.      If the Defendants do not do so in a timely basis, RREF is permitted, at its option, to insure the Receivership Property and/or to pay any real property taxes that may come due on the Receivership Property, and the costs of such shall be added to the Judgment Amount.

7.      This Order shall not affect Plaintiff's mortgage lien (the "Mortgage") upon and security interest in the Receivership Property and the other collateral, or its right to enforce the terms of the Mortgage and the other loan documents executed in connection therewith against Defendants or the Receivership Property.

8.      RREF and the Defendants have agreed that the Defendants shall be permitted to attempt to sell the Receivership Property upon the terms and conditions provided herein. In the event that the Defendants can sell the Receivership Property so that such sale results in (a) all of the net proceeds (remaining after the reasonable expenses of such sale) are paid to RREF (up to the Judgment Amount); (b) the net proceeds paid to RREF pursuant to 6(a) above total at least $500,000.00; (c) such

proceeds are distributed so that RREF receives them in good and sufficient funds within 120 days of the date of this Order; and (d) the purchaser of such Receivership Property is not the Defendants or any related entity or person; then RREF and the Defendants shall use their best efforts to promptly close such sale and transfer good title of the Receivership Property to a purchaser within a timely manner. The proceeds of such sale shall be applied to the Judgment Amount. In the event that the Defendants cannot sell the Property and distribute the net proceeds in the manner provided herein to RREF within 120 days of the date of this Order, then RREF, in its sole discretion and at its option, shall be permitted to foreclose on the Mortgage and sell the Receivership Property by public sale in accordance with the Mortgage and Alabama law. To be clear, nothing in this Order shall prohibit RREF from attempting to execute on the judgment provided in this Order once any applicable stays have passed and the 120 days provided herein applies only to RREF's right to foreclose and does not prohibit RREF from any other collection efforts or activities. Notwithstanding anything in this Order to the contrary, in the event that the Defendants have not signed a written contract in which they agree upon the terms and conditions upon which to employ a broker, auctioneer, or otherwise in some manner retain some person or entity to market and sell the Property within 21 days from the date of this Order, then this paragraph of the Order shall be of no effect and RREF shall have no obligation to wait 120 days to foreclose on the Receivership Property.

9.     Any action that is due under this Order on a day that is a weekend or a federal legal holiday shall not be due until the next business day.

6

10.    The Court retains jurisdiction to hear any subsequent motion filed by RREF requesting that a receiver be appointed over the Receivership Property, for whatever reason, and any and all actions which affect the Receiver or the Receivership Property shall be brought in this Court. The Court further retains jurisdiction to enforce the terms of this Order.

11.    The Clerk of Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE this the 20th day of November, 2013.

                                    /s/ Mark E. Fuller
                            UNITED STATES DISTRICT JUDGE

Case: 2:11-cv-00925-MEF-TFM      Document #: 75      Date Filed: 11/20/2013      Page 1 of 2

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.   <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Pitney Bowes, Inc. v. Mestre</u>, 701 F.2d 1365, 1368 (11th Ci r. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). <u>Williams v. Bishop</u>, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); <u>LaChance v. Duffy's Draft House, Inc.</u>, 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:** The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); <u>Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.</u>, 890 F.2d 371, 376 (11th Cir. 1989); <u>Gillespie v. United States Steel Corp.</u>, 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  <u>Time for Filing</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  <u>Format of the notice of appeal</u>: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See also</u> Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.  <u>Effect of a notice of appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

MIME-Version:1.0 From:efile_notice@almd.uscourts.gov To:almd_mailout@almd.uscourts.gov Bcc: Message-Id:<1987316@almd.uscourts.gov>Subject:Activity in Case 2:11-cv-00925-MEF-TFM RREF RB-AL SLDL, LLC v. Saxon Land Development LLC et al Consent Judgment Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was entered on 11/20/2013 at 4:16 PM CST and filed on 11/20/2013

| | |
|---|---|
| Case Name: | RREF RB-AL SLDL, LLC v. Saxon Land Development LLC et al |
| Case Number: | 2:11-cv-00925-MEF-TFM |
| Filer: | |

WARNING: CASE CLOSED on 11/20/2013

Document Number:    75

Docket Text:
FINAL CONSENT JUDGMENT AND ORDER ordering, adjudging and decreeing that: (1) the [60] MOTION is GRANTED in part and DENIED in part, as further set out in order; (2) Counts II and IV of plf's [33] amended complaint as to defendants Dorsey and Cleveland, and Count V as to all defendants are hereby DISMISSED with PREJUDICE; this terminates all of plaintiff's claims in this case; (3) the [74] joint motion for order is GRANTED; (4) final judgment is entered in favor of RREF and against the Defendants, jointly and severally, in the amount of $841,772.84, as further set out in order; (5) the receivership established by the Court's Order dated 2/23/2012 shall TERMINATE immediately upon the following terms and conditions, as further set out in order; (6) once the receivership property becomes subject to the possession of the defendants, Defendants and their agents, servants, employees, and all other persons acting in concert with them, are hereby RESTRAINED and ENJOINED from removing, disposing of, destroying, concealing, changing, or altering the Receivership Property, in any manner whatsoever; and Defendants and their agents, servants, employees, and all personnel acting in concert with them are hereby restrained and enjoined from taking any action on behalf of Defendants or related to the Receivership Property without the express consent and permission of RREF, as further set out in order; (7) this order shall not affect plf's mortgage lien upon and security interest in the Receivership Property and the other collateral, as further set out in order; (8) RREF and the defendants have agreed that the defendants

shall be permitted to attempt to sell the Receivership Property upon the terms and conditions provided, as further set out in order; (9) any action that is due under this order on a day that is a weekend or a federal legal holiday shall not be due until the next business day; (10) the Court retains jurisdiction to hear any subsequent motion filed by RREF requesting that a receiver be appointed over the Receivership Property, for whatever reason, and any and all actions which affect the Receiver or the Receivership Property shall be brought in this Court; The Court further retains jurisdiction to enforce the terms of this Order; (11) directing the clerk to enter this document on the civil docket as a final judgment pursuant to Rule 58 FRCP. Signed by Honorable Judge Mark E. Fuller on 11/20/13. (Attachments: # (1) civil appeals checklist)(djy, )

2:11-cv-00925-MEF-TFM Notice has been electronically mailed to:
Andrea L. Weed    aweed@burr.com, mstinson@burr.com
Clifford Wayne Cleveland    law.office@clevelandcolley.com, cliff.cleveland@clevelandcolley.com
Heather Ann Lee    hlee@burr.com
John Robert Faulk    robert@mcdowellfaulk.com
2:11-cv-00925-MEF-TFM Notice has been delivered by other means to:
Franklin Street Management Services
500 N. Westshore Blvd.; Suite 750
Tampa, FL 33609

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1053018227 [Date=11/20/2013] [FileNumber=1987314-0] [787d871d529898f6cec7fab83322235100eb41c5fb026b52e676e225f0418167dd 9d926bda5a13fac6f1dbf82b573dc547553f39c1362a7f4a0e42d4569c17d7]]
Document description: civil appeals checklist
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1053018227 [Date=11/20/2013] [FileNumber=1987314-1] [20105148deae5afca371beb734534917129b6678a97d7716bf05ecdc44a6a82e2b dbae0279fccf33424cb59ed29685eb1c5bb1e7dfbee13fae2883ceedfabb3f]]

FranklinSt.com



# PROPERTY MANAGEMENT REPORT
## November, 2013



**Saxon Land Development**
**1820 I-65 Service Road**
**Millbrook, Alabama 36054**

FranklinSt.com   t: 404.832.1250   f: 404.842.1755   e: info@FranklinSt.com

**Date:**  December 9, 2013                                                    **Report Prepared By:**  Jeff Boles

**Management Summary:**

The subject property is located in the City of Millbrook, Elmore County, Alabama, along I-65 Service Road, south of its intersection with Cobbs Ford Road.  There are two buildings on the Receivership property.  The primary structure is a 16,590 square-foot retail-service building with two loading dock areas.  The second is a 6,000 square-foot storage building with multiple roll-up doors.  The improvements sit on a 4.72 acre site.  The property is bordered by an RV/Trailer park on the south side, and small retail/services/warehouse building on the north side.

The property was placed into Receivership on February 23, 2012.

**Property Inspection Summary:**

   The Receivership for this property was terminated as of November 20th, 2013.  The monthly site inspection was scheduled for November 22nd.  Due to the timing of the Receivership cancellation, there was no monthly site inspection completed during November.

   Four Seasons Landscaping has been contacted and instructed to immediately cease all services at the property.  They were cutting the grass around the main building.

   The Realtor for the Borrower was given the code for the lockbox on the main building that contains the key.  The Borrower has possession of the property.

## SECTION TWO: LEASING INFORMATION

LEASING/MARKETING REPORT

SAXON LAND DEVELOPMENT

MILLBROOK, AL



# Marketing Status Report

## Saxon Land Development



*9-Dec-13*
*Attn: Andrew Bezila*
*Rialto Capital*
*750 Hammond Drive, Building 6*
*Atlanta, GA 30328*
*Andrew.Bezila@RialtoCapital.com*

*Andrew,*

The following is a summary of our marketing efforts and results for the above referenced property.

| DATE MARKETING BEGAN: **10-Apr-13** | RATE: **Negotiable** | CTI's: **Gross Lease** |
| --- | --- | --- |



**AGENT COMMENTS**

There have been no calls or leads for this property.  The property is no longer being marketed by Franklin Street, either for sale or for lease, due to the termination of the Receivership.

**MARKET FEEDBACK**

Millbrook, AL is a rural submarket located just north of Montgomery, AL. The heart of the retail corridor is located east of I-65 along Legends Parkway. The subject property is on the southeast end of the market and fronts I-65. We have had very little interest from tenants looking to enter this market.  The lease-up for this asset will take time and will require landlord concessions in the form of free rent, TI, and reduced rent rates.



## SECTION THREE: FINANCIAL INFORMATION

BALANCE SHEET
YEAR TO DATE INCOME STATEMENT
BANK RECONCILIATION

12/6/2013 7:46 AM

## Saxon Land Development
## Balance Sheet
As of 11/30/2013

| | Current Balance |
|---|---|
| **ASSETS** | |
| Cash- Operating Deposit | 3,572.23 |
| **TOTAL ASSETS** | **3,572.23** |
| | |
| **LIABILITIES** | |
| Security Deposit Payable | |
| **TOTAL LIABILITIES** | |
| | |
| **EQUITY** | |
| Owner Contribution OTHER | 18,979.00 |
| Retained Earnings | (15,406.77) |
| **TOTAL EQUITY** | **3,572.23** |
| **TOTAL LIAB. & STOCKHOLD. EQUITY** | **3,572.23** |

**Saxon Land Development**
**Income/Expense Stmt.**
**11/30/2013**

| Beginning Cash Balance | 4,707.69 | | | | | | | | | | | | 4,707.69 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| INCOME | JAN | FEB | MARCH | APRIL | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rental Income | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | | | | | | | | | | | | - |
| TOTAL | - | - | - | - | - | - | - | - | - | - | - | - | - |

| EXPENSES | JAN | FEB | MARCH | APRIL | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **EXPENSES** | | | | | | | | | | | | | - |
| FSMS - Postage/Mgmt Fee/Rcvr Fee | 1,092.39 | | | | | | | | | | | | 1,092.39 |
| Bradley Arant, etal - Legal Fees | 155.00 | | | | | | | | | | | | 155.00 |
| FSMS - Mgmt Fees | 500.00 | | | | | | | | | | | | 500.00 |
| Commercial Asset Pres. - Roofing | | 1,329.00 | | | | | | | | | | | 1,329.00 |
| FSMS - Mgmt Fees | | 500.00 | | | | | | | | | | | 500.00 |
| Bradley Arant, etal - Legal Fees | | | 2,261.30 | | | | | | | | | | 2,261.30 |
| Bradley Arant, etal - Legal Fees | | | | 68.00 | | | | | | | | | 68.00 |
| FSMS - Mgmt Fees (2 months) | | | | 1,000.00 | | | | | | | | | 1,000.00 |
| Jeff Boles - reimbursement for keys | | | | 32.44 | | | | | | | | | 32.44 |
| 4 Seasons Irrigation & Landscape | | | | | | 200.00 | | | | | | | 200.00 |
| FSMS - Mgmt Fees | | | | | | 500.00 | | | | | - | | 500.00 |
| FSMS - Mgmt Fees | | | | | | 500.00 | | | | | | | 500.00 |
| Bradley Arant, etal - Legal Fees | | | | | | | 102.00 | | | | | | 102.00 |
| FSMS - Mgmt Fees | | | | | | | 500.00 | | | | | | 500.00 |
| FSMS - Receiver Fees | | | | | | | 150.00 | | | | | | 150.00 |
| Commercial Asset Pres. - Roofing | | | | | | | | 2,449.00 | | | | | 2,449.00 |
| FSMS - Mgmt Fees | | | | | | | | 500.00 | | | | | 500.00 |
| FSMS - Receiver Fees | | | | | | | | 300.00 | | | | | 300.00 |
| FSMS - Mgmt Fees | | | | | | | | | 500.00 | | | | 500.00 |
| 4 Seasons Irrigation & Landscape | | | | | | | | | 200.00 | | | | 200.00 |
| 4 Seasons Irrigation & Landscape | | | | | | | | | | 200.00 | | | 200.00 |
| FSMS - Receiver Fees | | | | | | | | | | 150.00 | | | 150.00 |
| FSMS - Mgmt Fees | | | | | | | | | | 500.00 | | | 500.00 |
| 4 Seasons Irrigation & Landscape | | | | | | | | | | 200.00 | | | 200.00 |
| FSMS - Receiver Fees | | | | | | | | | | 150.00 | | | 150.00 |
| FSMS - Receiver Fees | | | | | | | | | | | 150.00 | | 150.00 |
| Bradley Arant, etal - Legal Fees | | | | | | | | | | | 1,292.00 | | 1,292.00 |
| FSMS - Mgmt Fees | | | | | | | | | | | 333.33 | | 333.33 |
| | | | | | | | | | | | | | - |
| | | | | | | | | | | | | | - |
| | | | | | | | | | | | | | - |
| TOTAL | 1,747.39 | 1,829.00 | 2,261.30 | 1,100.44 | - | 1,200.00 | 752.00 | 3,249.00 | 700.00 | 1,200.00 | 1,775.33 | - | 15,814.46 |
| +/- Prior Year Income/(Loss) | 407.69 | | | | | | | | | | | | 407.69 |
| NOI | (1,339.70) | (1,829.00) | (2,261.30) | (1,100.44) | - | (1,200.00) | (752.00) | (3,249.00) | (700.00) | (1,200.00) | (1,775.33) | - | (15,406.77) |
| | | | | | | | | | | | | | |
| Owner funding | | 8,604.00 | | | | 6,075.00 | | | | | | | 14,679.00 |
| Owner distribution | | | | | | | | | | | | | - |
| NET CASH FLOW | (1,339.70) | (1,829.00) | 6,342.70 | (1,100.44) | - | 4,875.00 | (752.00) | (3,249.00) | (700.00) | (1,200.00) | (1,775.33) | - | 3,572.23 |

**Saxon Land Development**
**Bank Reconciliation Report**
**11/30/2013**

| | | | |
|---|---|---|---:|
| **Balance Per Bank Statement as of 11/30/13** | | 3,572.23 | |
| **Plus:** | **Outstanding Deposits** | | |
| **Less:** | **Outstanding Checks** | -0.00 | |
| **Plus/Minus:** | **Other Items** | | |
| | **Reconciled Bank Balance** | | 3,572.23 |
| **Balance per GL as of 11/30/13** | | 3,572.23 | |
| | **Book Reconciling Items** | | |
| **Plus/Minus:** | **Book Reconciling Items** | | |
| | **Reconciled Balance Per G/L** | | 3,572.23 |
| **Difference** | | 0.00 | |

**Outstanding Checks**

| Date | Tran # | Notes | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | |
|---|---|---:|
| **Total** | **Total Outstanding Items** | 0.00 |



 FranklinStreet

**Real Estate | Capital | Insurance | Management**

# OUR LOCATIONS

**Tampa** Headquarters
500 N. Westshore Blvd.
Suite 750
Tampa, FL 33609
Phone: 813.839.7300
Fax: 813.839.7330

**Jacksonville**
904.271.4120

**Atlanta**
404.832.1250

**Miami**
786.292.3188

**FranklinSt.com**



November 2013—Financial Report

**SAXON LAND DEVELOPMENT**
**MILLBROOK, AL**